JOHN A. BARRY, PLAINTIFF IN ERROR, *v.* MARY MERCEIN AND ELIZA ANN BARRY, DEFENDANTS.

After a case has been called, and placed at the foot of the docket, the court cannot take it up, on motion, and assign a day for its argument, when other cases, of great public importance, have already been assigned for what may be the remainder of the term.

THE circumstances which led to the interlocutory opinion of the court in this case are sufficiently set forth in the memorial of Mr. Barry, and the opinion of the court.

The memorial was as follows : —

" To their Honors, the Justices of the Supreme Court of the United States of America.

" The memorial of John A. Barry respectfully represents, that he is a British subject, domiciled and resident abroad within the dominions of her Britannic Majesty ; that, for some considerable time past, he has had upon the docket of this honorable court a highly important and most interesting case, on a writ of error to the Circuit Court for the Southern District of New York : that, consequently, he came over to these United States in November, 1844, to attend to the said case at the last term of this honorable court ; but the number of the case being 128, he was greatly disappointed in being obliged to return to his home without its having been reached : that he has now again come over to this country for the purpose of meeting the said case ; but, owing to an unusual length of passage, did not arrive at Boston until after this honorable court had commenced its present session : that it was his intention, and full expectation, to have been before this honorable court whenever the said case (No. 72) on the present calendar should be called ; but, owing to an attack of bodily indisposition, he was detained in New York until he became apprehensive that he might not be enabled to be present at the call of the said case in its regular order: that he thereupon wrote a letter to W. T. Carroll, Esq., the clerk of this honorable court, intimating his said apprehension, in order that, should it be realized, the cause thereof might be communicated to

your Honors, in the hope that, under the circumstances, your Honors would be pleased to permit the case to be passed over without prejudice until your memorialist's arrival in Washington : that he received an answer from the said W. T. Carroll, Esq., acknowledging his receipt of the said letter, but informing your memorialist that, unfortunately, the case had been reached only the day before, when, agreeably to the forty-third rule of court, the said case was placed at the foot of the calendar : that, in the event of its so remaining, your memorialist will, if he shall live, be necessitated to come again — a third time — to this country, at the next setting of this honorable court, as no probability exists that the case can be reached; in its new position, during the present term.'

" Your memorialist, therefore, respectfully prays, that, in consideration of the foregoing premises, and further, that the case is one in relation to the writ of *habeas corpus*, in favor of liberty, in proceedings on which courts are accustomed to relax that stringency of technical requirement so strenuously adhered to and insisted on in ordinary formal suits at law, the said forty-third rule of court may not be enforced on the present occasion ; but that your memorialist may be heard in the matter at such earlier day as may comport with the convenience of your Honors, or be appointed for the purpose by this honorable court.          JOHN A. BARRY.

" *Washington, D. C., February 6th*, 1846."

Mr. Chief Justice TANEY delivered the opinion of the court.

In the case of John A. Barry *v.* Mary Mercein and Eliza Ann Barry, a motion was made on Friday last by the plaintiff in error to assign some day during the present term for the argument.  A petition was filed at the last term by one of the defendants in error, praying that the writ of error might be dismissed for want of jurisdiction.   The case in the regular order of business was called on the 15th day of January last, and neither party appearing, it was, according to the rules of the court, placed at the foot of the calendar ; and it is now evident, from the number of cases standing before it, that it cannot be reached during the present term, unless by a special order of the court giving it priority.

There are two questions in the case, both of them grave and serious ones ; — 1st. Whether this court have jurisdiction upon a writ of error in a case like this ; and, 2d. If it should be determined that it has jurisdiction, then, whether the Circuit Court committed an error in refusing to award the *habeas corpus*.

As this controversy, while it continues undecided, must be a painful one to the parties on both sides, the court feel every disposition to bring it to a speedy hearing, if it could be done without injustice to others ; and if the motion to assign a day was liable to no other objection than that it would be a departure from the order of business prescribed by the rules, there would be no diffi-

culty in making this case an exception, and assigning a day for the hearing.

But at the present period of the term, the assignment of a particular day for the trial of this case involves other and higher considerations than that of a mere departure from established rules. In four or five weeks, at farthest, the court will be compelled to close its session, in order to enable its members to perform their duties at the circuits ; and several important cases, some of which cannot be continued without producing much public inconvenience in three or more of the States, have already been specially assigned for argument, and the order in which they are to be taken up announced from the bench ; and in obedience to this notice counsel have been for some time past, and still are, attending to argue them. It is very doubtful whether enough remains of the term to enable the court to dispose of these cases, and it is probable that one or more of them may of necessity be continued. Under such circumstances, we cannot, without injustice to others and inconvenience to the public in several of the States, make a new and unexpected arrangement in the order of business, by which another case, not entitled to priority, is interposed out of its proper order. The case in question must, therefore, stand over until the next term.